## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CATALYST PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEX AZAR, Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-22425-Bloom/Louis |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants Alex M. Azar II, Secretary of Health and Human Services; the United States Department of Health and Human Services ("HHS"); Dr. Norman Sharpless, Acting Commissioner of Food and Drugs; and the United States Food and Drug Administration ("FDA"), answers Plaintiff's Complaint for Declaratory and Injunctive Relief (Doc. 1) as follows.

### PRELIMINARY STATEMENT

1.  The first sentence of paragraph 1 is Plaintiff's summary of this action to which no response is required. Defendants deny the remaining allegations in paragraph 1.

2.  Paragraph 2 contains Plaintiff's characterizations of certain provisions of the Federal Food, Drug, and Cosmetic Act ("FDCA") and Defendants respectfully refer the Court to those provisions for full and complete statements of their contents.

3.  The first sentence of paragraph 3 contains Plaintiff's characterizations of certain provisions of the Orphan Drug Act and the FDCA and Defendants respectfully refer the Court to those provisions for full and complete statements of their contents. The second and third

sentences of paragraph 3 contain Plaintiff's characterizations of the legislative history and congressional intent of the Orphan Drug Act and Defendants respectfully refer the Court to the cited document for a full and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of paragraph 3.  Defendants admit that on November 12, 2009, FDA sent a letter to Plaintiff's predecessor-in-interest granting orphan drug designation to 3,4-Diaminopyridine phosphate for treatment of Lambert-Eaton Myasthenic Syndrome ("LEMS"), and that on November 28, 2018, FDA sent a letter to Plaintiff approving Firdapse® for treatment of LEMS in adults.  Defendants admit that on December 21, 2018, FDA sent a letter to Plaintiff recognizing Plaintiff's orphan drug exclusivity for the approved indication for Firdapse® – treatment of LEMS in adults.  Defendants deny any remaining allegations in paragraph 3.

4. The first sentence of paragraph 4 contains Plaintiff's characterizations of the congressional intent of the Hatch-Waxman Amendments to the FDCA and Defendants respectfully refer the Court to those Amendments for a full and complete statement of their contents.  Defendants admit that Catalyst submitted the results of more than 70 non-clinical and clinical studies in its NDA for Firdapse®.  Defendants aver that FDA does not require a specific number of non-clinical or clinical studies in support of an NDA, but requires adequate data to demonstrate the product meets the FDCA requirements for approval.  Defendants admit that the Orange Book reflects 5-year new chemical entity ("NCE") exclusivity for Firdapse®.  Defendants deny any remaining allegations in paragraph 4.

5. Paragraph 5 contains Plaintiff's characterizations of certain provisions of the FDCA and FDA regulations and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

6. Defendants admit the first sentence of paragraph 6. Defendants admit that in up to 60% of patients, LEMS is paraneoplastic and is most commonly associated with small cell lung cancer, but may occur with other cancers. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of paragraph 6. Defendants admit that, for the purposes of orphan drug exclusivity, Ruzurgi® is the same drug (contains the same active moiety) as Firdapse®. Defendants deny the allegations in sixth sentence of paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants deny the first sentence in paragraph 8. To the extent the second sentence of paragraph 8 purports to describe FDA's May 6, 2019 Tentative Approval Letter to Jacobus Pharmaceutical Company Inc. ("Jacobus"), Defendants respectfully refer the Court to that letter for a full and complete statement of its contents. Defendants deny the allegation that LEMS in adults is the same disease or condition as LEMS in patients 6 to less than 17 years of age under 21 U.S.C. § 360cc(a). *See* 21 C.F.R. § 316.3(b)(12); 21 C.F.R. § 316.31(a), (b). Defendants deny any remaining allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny that FDA considered the price of Firdapse® when deciding to approve Ruzurgi® for the treatment of LEMS in patients 6 to less than 17 years of age. Defendants deny the allegations in the second sentence of paragraph 11. To the extent the third sentence of paragraph 11 purports to describe the contents of a written communication from FDA to LEMS patients, Defendants respectfully refer the Court to the referenced written

communication for a full and complete statement of its contents.  Defendants deny any remaining allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations the first sentence of paragraph 12.  To the extent the second sentence of paragraph 12 purports to describe the content of an article in the trade press, Defendants respectfully refer the Court to the referenced article for a full and complete statement of its contents.  To the extent the footnote at the end of the second sentence of paragraph 12 purports to describe the content of an article in a medical journal, Defendants respectfully refer the Court to the referenced article for a full and complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

## PARTIES

15. Defendants admit the first sentence of paragraph 15.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining sentences in paragraph 15.

16. Defendants admit the Alex M. Azar II is the Secretary of Health and Human Services.

17. Defendants admit that the Department of Health and Human Services is a department of the United States and that it is headquartered in Washington, D.C.

18. Defendants admit that Dr. Norman Sharpless is the Acting Commissioner of Food and Drugs.

19. Defendants admit that FDA is an agency within the Department of Health and Human Services and that it is headquartered in Silver Spring, Maryland.

## JURISDICTION, EXHAUSTION, AND FINAL AGENCY ACTION

20. The allegations in paragraph 20 state legal conclusions to which no response is required.

21. The allegations in paragraph 21 state legal conclusions to which no response is required.

22. The allegations in paragraph 22 state legal conclusions to which no response is required.

23. The allegations in paragraph 23 state legal conclusions to which no response is required.

24. Defendants deny the allegations in the first sentence of paragraph 24.  To the extent the second sentence of paragraph 24 purports to describe communications from Plaintiff to FDA, Defendants respectfully refer the Court to the referenced communications for a full and complete statement of their contents.  Defendants deny the remaining allegations in paragraph 24.

25. Defendants deny the allegations in the first sentence of paragraph 25.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Jacobus has published the price of Ruzurgi®; Defendants admit that Jacobus is marketing Ruzurgi®.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25.

## BACKGROUND

**A.     Statutory and Regulatory Framework for New Drug Approvals**

26.     Paragraph 26 contains Plaintiff's characterizations of certain provisions of the FDCA and legal conclusions, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

27.     Paragraph 27 contains Plaintiff's characterizations of certain provisions of the FDCA and case law, and legal conclusions, and Defendants respectfully refer the Court to those statutory provisions and caselaw for a full and complete statement of their contents.  Defendants admit that drugs approved under Section 505(b)(1) of the FDCA are commonly referred to as "pioneer drugs."

28.     Paragraph 28 contains Plaintiff's characterizations of certain provisions of the FDCA and the Hatch-Waxman Amendments to the FDCA, and legal conclusions, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

29.     Paragraph 29 contains Plaintiff's characterizations of certain provisions of the FDCA and FDA regulations, and legal conclusions, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

30.     Paragraph 30 contains Plaintiff's characterizations of certain provisions of the FDCA, and legal conclusions, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

31.     Paragraph 31 contains Plaintiff's characterizations of certain provisions of the FDCA and an FDA Guidance Document, and legal conclusions, and Defendants respectfully

refer the Court to those statutory provisions and to the referenced Guidance Document for a full and complete statement of their contents.

32. Paragraph 32 contains Plaintiff's characterizations of certain provisions of the FDCA, case law, and an FDA Guidance Document, and legal conclusions, and Defendants respectfully refer the Court to those statutory provisions, case law, and the referenced Guidance Document, for a full and complete statement of their contents.

**B.     The Orphan Drug Act**

33. Paragraph 33 contains Plaintiff's characterizations of the legislative history and congressional intent of the Orphan Drug Act, and Defendants respectfully refer the court to that legislative history and the referenced statutory provisions for a full and complete statement of their contents.

34. The first sentence and the first clause of the second sentence of Paragraph 34 contains Plaintiff's characterizations of the congressional intent of the Orphan Drug Act and characterizations of certain provisions of the FDCA, and Defendants respectfully refer the Court to those statutory provisions for a full and complete statement of their contents. Defendants deny the allegation that LEMS in adults is the same disease or condition as LEMS in patients 6 to less than 17 years of age under 21 U.S.C. § 360cc(a). *See* 21 C.F.R. § 316.3(b)(12); 21 C.F.R. § 316.31(a), (b). Defendants deny any remaining allegations in paragraph 34.

35. Paragraph 35 contains Plaintiff's characterizations of the legislative history and congressional intent of the Orphan Drug Act, and Defendants respectfully refer the Court to the cited document for a full and complete statement of its contents. Defendants deny any remaining allegations in paragraph 35.

36. Paragraph 36 contains Plaintiff's characterizations of certain provisions of the Orphan Drug Act and the FDCA, and Defendants respectfully refer the Court to those statutory provisions for a full and complete statement of their contents.

37. Paragraph 37 contains Plaintiff's characterizations of certain provisions of the Orphan Drug Act, the FDCA, and legal conclusions, and Defendants respectfully refer the Court to those statutory provisions for a full and complete statement of their contents.

### C. New Chemical Entity Exclusivity

38. Paragraph 38 contains Plaintiff's characterizations of certain provisions of the FDCA, and Defendants respectfully refer the Court to those statutory provisions for a full and complete statement of their contents.

39. Paragraph 39 contains Plaintiff's characterizations of certain provisions of an FDA regulation, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

### D. Catalyst's Firdapse® is Approved for and Given Orphan Drug Exclusivity Regarding Treatment of LEMS in Adults

40. Defendants admit that on November 12, 2009, FDA sent a letter to Plaintiff's predecessor-in-interest granting orphan drug designation to 3,4-Diaminopyridine phosphate for treatment of LEMS. To the extent the second sentence of paragraph 40 purports to characterize FDA's letter making that designation, Defendants respectfully refer the Court to that letter for a full and complete statement of its contents. Defendants deny any allegation that LEMS in adults is the same disease or condition as LEMS in patients 6 to less than 17 years of age under 21 U.S.C. § 360cc(a). *See* 21 C.F.R. § 316.3(b)(12); 21 C.F.R. § 316.31(a), (b). Defendants deny any remaining allegations in paragraph 40.

41.     Defendants admit that Catalyst submitted its NDA for Firdapse® in 2015 and resubmitted the NDA in 2018 in response to a 2016 Refusal-to-File letter.  To the extent the second sentence of paragraph 41 purports to describe the contents of the Refusal-to-File Letter, Defendants respectfully refer the Court to that Letter for a full and complete statement of its contents.  Defendants admit the last two sentences of paragraph 41.  To the extent footnote 3 in paragraph 41 purports to characterize certain provisions of an FDA regulation, Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

42.     Defendants admit that FDA approved Firdapse® for the treatment of LEMS in adults on November 28, 2018.  To the extent the first three sentences of paragraph 42 purports to characterize the contents of the Firdapse® labeling, Defendants respectfully refer the Court the FDA-approved labeling for Firdapse®.[1]  The fourth sentence of paragraph 42 purports to describe published medical journal articles and Defendants respectfully refer the Court to those articles for a full and complete statement of their contents.  Defendants admit Plaintiff conducted non-clinical safety and toxicology testing for its NDA.  Defendants lack knowledge or information sufficient to form a belief about the allegations in the last sentence of paragraph 42.

43.     To the extent the first sentence of paragraph 43 purports to describe the contents of FDA's letter approving Firdapse® for the treatment of LEMS in adults, Defendants respectfully refer the Court to that letter for a full and complete statement of its contents.  Defendants admit that the FDCA authorizes FDA to require certain post-marketing studies and clinical trials for prescription drugs approved under section 505 of the FDCA, 21 U.S.C. § 355.

---

[1] Available at https://www.accessdata.fda.gov/drugsatfda_docs/nda/2018/208078Orig1_toc.cfm (last accessed Aug. 25, 2019).

44. Defendants admits that on December 21, 2018, FDA sent a letter to Plaintiff recognizing Plaintiff's orphan drug exclusivity for the approved indication for Firdapse® – treatment of LEMS in adults.

45. Defendants admit that the Orange Book reflects 5-year NCE exclusivity for Firdapse®.

46. Because the first sentence of paragraph 46 is vague, as it purports to describe statements by physicians and patients regarding the price of Firdapse® without identifying those physicians or patients, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. To the extent the first sentence of paragraph 46 alleges to compare the price of Firdapse® with the prices of other products, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. To the extent the second sentence of paragraph 46 purports to describe media and trade press reports about the price of Firdapse®, those reports provide the best evidence of their contents. Further, the second sentence of paragraph 46 is vague, as it does not identify the media and trade press reports it purports to characterize, therefore Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation.

47. To the extent the first three sentences of paragraph 47 purport to describe statements by United States Senator Bernie Sanders, Defendants respectfully refer the Court to the Senator's statements themselves for the full and complete contents of those statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. To the extent paragraph 49 purports to describe a letter from Senator Sanders to Secretary Azar and the then-Commissioner of Food and Drugs, Defendants respectfully refer the Court to the referenced letter for a full and complete statement of its contents.

### E. FDA Approves Ruzurgi® for Treatment of LEMS in Patients 6 to Less Than 17 Years of Age

50. To the extent the first and second sentences of paragraph 50 purport to describe FDA's May 6, 2019 Tentative Approval Letter to Jacobus, Defendants respectfully refer the Court to that letter for a full and complete statement of its contents. In response to the third sentence of paragraph 50, Defendants admit that FDA issues tentative approval letters when drug applications have met the requirements for approval but are blocked from final approval by another drug's eligibility for a period of marketing exclusivity or patents. Also in response to the third sentence of paragraph 50, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations about Plaintiff's own awareness of "precedent," and Defendants deny Plaintiff's allegation that "FDA is effectively using Catalyst's ODE to facilitate off-label sales." Defendants deny the allegations in the fourth sentence of paragraph 50. Defendants deny any remaining allegations in paragraph 50.

51. Defendants admit that on May 6, 2019, FDA approved Ruzurgi® for the treatment of LEMS in patients 6 to less than 17 years of age. To the extent that the second sentence of paragraph 51 purports to describe a May 6, 2019 letter FDA sent to Plaintiff's outside counsel regarding FDA's approval of Ruzurgi® for the treatment of LEMS in patients 6 to less than 17 years of age, Defendants respectfully refer the Court to the referenced letter for a full and complete statement of its contents. Footnote 4 at the end of the second sentence of paragraph 51 contains Plaintiff's characterizations of case law and FDA regulations, and Defendants respectfully refer the Court to the referenced regulations and case law for a full and

complete statement of their contents. Defendants admit that Firdapse® and Ruzurgi® have the same active moiety for purposes of new chemical entity exclusivity. Defendants deny the allegations in the third sentence of paragraph 51. Defendants deny any remaining allegations in paragraph 51.

52. The first sentence of paragraph 52 contains Plaintiff's characterizations of certain provisions of the FDCA and FDA regulations, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents. To the extent the second sentence of paragraph 52 purports to describe the Ruzurgi® labeling, Defendants respectfully refer the Court to that labeling for a full and complete statement of its contents.[2] Defendants admit the third sentence of paragraph 52.

53. Paragraph 53 purports to describe the Ruzurgi® labeling, and Defendants refer the Court to that labeling for a full and complete statement of its contents.[3]

54. Defendants admit that they are not presently aware of an instance in which FDA has approved an application for a drug with an indication to treat pediatric patients for a certain disease while another sponsor has obtained orphan drug exclusivity for a drug application for the same drug with only an indication to treat adult patients for that disease. However, Defendants aver that FDA has approved a drug application for one indication or subpopulation where another applicant had an approved application for the same drug with orphan drug exclusivity for a different indication or subpopulation. *See Spectrum Pharmaceuticals, Inc. v. Burwell*, 824 F.3d 1062 (D.C. Cir. 2016) (holding that name-brand drug applicant's orphan drug exclusivity

---

[2] Available at https://www.accessdata.fda.gov/drugsatfda_docs/nda/2019/209321Orig1s000TOC.cfm (last accessed Aug. 25, 2019).

[3] Available at https://www.accessdata.fda.gov/drugsatfda_docs/nda/2019/209321Orig1s000TOC.cfm (last accessed Aug. 25, 2019).

for one indication did not block FDA from approving generic manufacturer's application for same drug for a different indication); *Sigma-Tau Pharmaceuticals, Inc. v. Schwetz*, 288 F.3d 141 (4th Cir. 2002) (same). Defendants further aver that FDA has approved an application for a drug with an indication for reducing signs and symptoms of moderately to severely active polyarticular juvenile idiopathic arthritis in patients *4 years of age and older* where another manufacturer had an approved application with orphan drug exclusivity for the same drug with an indication for reducing signs and symptoms of moderately to severely active polyarticular juvenile idiopathic arthritis in patients *2 to less than 4 years of age*. *See* Approval Letter from FDA to Amgen, Inc. for BLA 761024 (Sept. 23, 2016); *see also, e.g.*, 21 C.F.R. §316.31(b) (stating "[o]rphan drug exclusive approval protects only the approved indication or use of a designated drug" and "[i]f such approval is limited to only particular indication(s) or use(s) within the rare disease or condition for which the drug was designated, FDA may later approve the drug for additional indication(s) or use(s) within the rare disease or condition not protected by the exclusive approval"). To the extent that the "*Cf.*" citation after the second sentence purports to describe the content of certain FDA approval letters and a trade press article, Defendants respectfully refer the Court to those approval letters and trade press articles for a full and complete statement of their contents. The third sentence of paragraph 54 contains Plaintiff's characterizations of an FDA Guidance Document, and Defendants respectfully refer the Court to that Guidance Document for a full and complete statement of its contents. Defendants deny the allegations in the fourth sentence of paragraph 54. Defendants deny any remaining allegations in paragraph 54.

55. To the extent the first and second sentences of paragraph 55 purport to describe FDA's May 6, 2019 Approval Letter to Jacobus, Defendants respectfully refer the Court to that

letter for a full and complete statement of its contents. To the extent that the second sentence purports to describe FDA's November 28, 2018 Approval Letter to Plaintiff and FDA's May 6, 2019 Approval Letter to Jacobus, Defendants respectfully refer the Court to those letters for a full and complete statement of their contents. Defendants deny the remaining allegations in paragraph 55.

56. Paragraph 56 purports to describe the content of articles in the trade press, and Defendants respectfully refer the Court to those articles for a full and complete statement of their contents.

57. The first sentence of paragraph 57 purports to describe the content of a press release from Senator Sanders, and Defendants respectfully refer the Court to that press release for a full and complete statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 58. Defendants deny the allegations in the second sentence of paragraph 58.

59. Defendants aver that FDA routinely responds to persons who contact the agency with concerns regarding FDA-regulated products. To the extent paragraph 59 purports to describe and characterize the contents of specific communications between FDA and LEMS patients, Defendants respectfully direct the Court to those communications for a full and complete statement of their contents.

## CLAIM I

60.  Defendants incorporate their response to paragraphs 1 through 59 as if fully set forth herein.

61.  Paragraph 61 contains Plaintiff's characterizations of the Administrative Procedure Act ("APA"), and Defendants respectfully refer the Court to that statute for a full and complete statement of its contents.

62.  Paragraph 62 contains Plaintiff's characterizations of certain provisions of the FDCA, and Defendants respectfully refer the Court to those provisions for a full and complete statement of its contents.

63.  Paragraph 63 contains Plaintiff's characterizations of certain provisions of an FDA regulation, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents

64.  Defendants deny the allegations in paragraph 64.

65.  Defendants deny the allegations in paragraph 65.

66.  To the extent that paragraph 66 purports to describe the Ruzurgi® labeling, Defendants respectfully refer the Court to that labeling for a full and complete statement of its contents.

67.  Defendants deny the allegations in paragraph 67.

## CLAIM II

68.  Defendants incorporate their response to paragraphs 1 through 67 as if fully set forth herein.

69.  Paragraph 69 contains Plaintiff's characterizations of the APA, and Defendants respectfully refer the Court to that statute for a full and complete statement of its contents.

70. Paragraph 70 contains Plaintiff's characterizations of certain provisions of the Orphan Drug Act and the FDCA, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

71. Defendants admit that on November 12, 2009, FDA sent a letter to Plaintiff's predecessor-in-interest granting orphan drug designation to 3,4-Diaminopyridine phosphate for treatment of LEMS.

72. Defendants admit that on November 28, 2018, FDA approved Firdapse® for the treatment of LEMS in adults. Defendants admit that on December 21, 2018, FDA sent a letter to Plaintiff recognizing Plaintiff's orphan drug exclusivity for the approved indication for Firdapse® – treatment of LEMS in adults.

73. Defendants deny the allegation in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

## CLAIM III

76. Defendants incorporate their response to paragraphs 1 through 75 as if fully set forth herein.

77. Paragraph 77 contains Plaintiff's characterizations of the APA, and Defendants respectfully refer the Court to the statute for a full and complete statement of its contents.

78. Paragraph 78 contains Plaintiff's characterizations of certain provisions of the FDCA and an FDA regulation, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents. To the extent Paragraph 78 is inconsistent with the text of the referenced provisions, Defendants deny the allegations in paragraph 78.

79. Paragraph 79 contains Plaintiff's characterizations of certain provisions of the FDCA and an FDA regulation, and Defendants respectfully refer the Court to those provisions for a full and complete statement of their contents.

80. Defendants admit that on November 28, 2018, FDA approved Firdapse® for the treatment of LEMS in adults, and that Firdapse® contains the new chemical entity amifampridine phosphate.

81. Defendants admit that the Orange Book reflects 5-year NCE exclusivity for Firdapse®.

82. Defendants admit that on May 6, 2019, FDA approved Ruzurgi® for the treatment of LEMS in patients 6 to less than 17 years of age, and that Ruzurgi® contains the same active moiety as Firdapse®.

83. Defendants deny the allegations contained in paragraph 83.

84. Defendants deny the allegations contained in paragraph 84.

## CLAIM IV

85. Defendants incorporate their response to paragraphs 1 through 84 as if fully set forth herein.

86. Paragraph 86 contains Plaintiff's characterizations of the APA and case law, and Defendants respectfully refer the Court to that statute and caselaw for a full and complete statement of their contents.

87. The first clause of Paragraph 87 presents legal conclusions, to which no response is required. Defendants admit that Firdapse® and Ruzurgi® contain the same active moiety. Defendants deny any allegation that the approved indication for Firdapse® (the treatment of LEMS in adults) is the same approved indication for Ruzurgi® (treatment of LEMS in patients 6

to less than 17 years of age). Defendants deny any allegation that LEMS in adults is the same disease or condition as LEMS in patients 6 to less than 17 years of age under 21 U.S.C. § 360cc(a). *See* 21 C.F.R. § 316.3(b)(12); 21 C.F.R. § 316.31(a), (b). To the extent a response is required, Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations contained in paragraph 89.

90. To the extent Defendants have failed adequately to respond to any allegations in the Complaint, Defendants deny those allegations.

**REQUEST FOR RELIEF**

The remaining allegations consist of Plaintiff's prayer for relief, to which no response is required. Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint, or to any other relief whatsoever.

Defendants hereby specifically deny all of the allegations of the Complaint not expressly admitted. Defendants, having fully answered Plaintiff's Complaint, pray that this action be dismissed with prejudice, that judgment be entered for Defendants, and that they be granted their costs and other relief as may be appropriate.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

DAVID M. MORRELL
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director

ANDREW E. CLARK
Assistant Director

  /s/ *Ann F. Entwistle*
ANN F. ENTWISTLE (Court ID #A5502557)
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
P.O. Box 386
Washington, D.C. 20044-0386
Telephone: (202) 304-3630
Fax: (202) 514-8782
Ann.F.Entwistle@usdoj.gov

Of Counsel:

ROBERT C. CHARROW
General Counsel
Department of Health and Human Services

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
Department of Health and Human Services

ANNAMARIE KEMPIC
Deputy Chief Counsel, Litigation
Food and Drug Administration

JAMES C. FRASER
Associate Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 27, 2019, I filed the foregoing document with the Clerk of Court via the CM/ECF system, causing it to be served on Plaintiff's counsel of record.

| | |
|---|---|
| August 27, 2019 |  /s/ *Ann F. Entwistle* <br> ANN F. ENTWISTLE  (Court ID #A5502557) <br> Trial Attorney <br> Consumer Protection Branch <br> U.S. Department of Justice, Civil Division <br> P.O. Box 386 <br> Washington, D.C. 20044-0386 <br> Telephone: (202) 304-3630 <br> Fax: (202) 514-8782 <br> Ann.F.Entwistle@usdoj.gov |